FILED
2017 NOV 13 PM 3:03
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN TYLER PRIVE                    CASE No.: 6:17-cv-1498-Orl-28KRS

v.                                      (6:14-cr-00033-Orl-28KRS)

UNITED STATES OF AMERICA,

## PETITION FOR REHEARING

Now comes the Petitioner, Jonathan Prive, pro se, with a petition for rehearing pursuant to the Court's Order of November 2, 2017 (Doc. 9), denying the Petitioner's Motion to Vacate Order and Permit Filing (Doc. 8). Petitioner's Motion to Vacate Order stated that the court's Order of September ~~20~~ 27, 2017 (Doc. 5) was in direct conflict with the Federal Rules of Civil Procedure and the Rules Governing Section 2255 Proceedings for the United States District Courts, and was therefore unlawful.

The Order (Doc. 5) struck the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 because it exceeded 25 pages in length, violating Local Rule 3.01(a). The Order then instructs the Petitioner to file an Amended Motion to Vacate, requiring that it be written on the form prepared and provided by the Clerk, and not exceed 25 pages in length. (Doc. 5, at 1)

The requirement that the Petitioner's grounds for relief be "on the form itself" limits the Petitioner to only four (4) grounds, as the form only contains four spaces for grounds. This restriction is in direct opposition to Rules Governing Section 2255 proceedings, Rule 2(b).

Rule 2(b) requires petitioners to present "all grounds for relief available to the moving party." The Petitioner has nineteen grounds for relief available to him, and in the Motion to Vacate Order (Doc. 8), Petitioner properly highlighted the conflict between the Court's Order and Rule 2(b). The Court's Order, and its Order Denying Motion to Vacate (Doc. 9) therefore constitute an abuse of discretion, as well as clear error. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002) (finding that a district court abuses its discretion when, in reaching a decision, "it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.")

Petitioner's Motion to Vacate Order also alleged that the Court's Order (Doc. 5) violated Fed. R. Civ. P. Rule 83(a)(2), which prohibits any court from enforcing a local rule of form "in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). This rule supersedes any local rule, such as the 25-page limit of Local Rule 3.01(a), which was the basis of the Court's Order (Doc. 5). The Court's continuing attempt to enforce Local Rule 3.01(a) results in the Petitioner being denied the right to file a complete motion under 28 U.S.C. §2255. The Court's prepared form, which the Petitioner must use, is 13 pages long, and allows for only 4 grounds for relief. Therefore, the Petitioner must attach additional pages as allowed by the form's instructions, even though it violates the Court's Order to do so (Doc. 5, at 1).

Rules Governing Section 2255 Proceedings, Rule 2(b) specifically requires the Petitioner to state every available ground for relief, and this requires the attachment of additional pages in excess of the 25

page limit imposed by Local Rule 3.01(a). The violation of 3.01(a) is therefore 'nonwillful' on the part of the Petitioner, since he must follow the Rules Governing Section 2255 Proceedings, and the Court's Order (Doc. 5), and its Order denying the Motion to Vacate Order (Doc. 9) constitute an abuse of discretion and plain error.

WHEREFORE, as the Petitioner has presented specific citations of controlling federal law, and as the Court's Orders are in clear conflict with those laws, the Petitioner respectfully requests that the Court enter an ORDER to VACATE its previous orders (Docs. 5 and 9), and thereafter GRANT the Petitioner the relief sought by his Motion to Vacate Order and Permit Filing (Doc. 8).

Respectfully submitted,
Jonathan Prive
#337795
Brevard County Jail
860 Camp Road
Cocoa, FL 32927

## SWORN STATEMENT

I, Jonathan Prive, do hereby swear under penalty of perjury that the facts and statements contained in the foregoing PETITION FOR REHEARING are true and correct to the best of my knowledge and understanding.

Executed on this, the 7th day of November, 2017.

Signed: *[signature]*

Jonathan T. Prive

# CERTIFICATE OF SERVICE

I, Jonathan Prive, do hereby certify that a true and correct copy of the foregoing PETITION FOR REHEARING, and the SWORN STATEMENT, have been placed in the Brevard County Jail's internal mailing system, marked "LEGAL MAIL", to be sent by U.S. Mail to the following parties:

1) United States District Court
   Office of the Clerk
   United States Courthouse
   401 W. Central Blvd., Suite 1200
   Orlando, FL 32801

and:

2) The United States Attorney's Office
   400 W. Washington Street
   Suite 3100
   Orlando, FL 32801

On this, the 8th day of November, 2017.

Signed: _____
Jonathan T. Prive

Date: 11/8/2017