# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA

v.

JONATHAN TYLER PRIVE,

CASE No.:

6:14-cr-00033-JA-KRS-1

(6:17-cv-01498-JA-KRS)

## In re PRIVE

Comes now the Petitioner, Jonathan Prive, pro se, with a petition for a writ of mandamus pursuant to Fed. R. App. P. Rule 21.

Your Petitioner seeks relief from this Court in the form of a writ of mandamus directed to the United States District Court, Middle District of Florida, Orlando Division, or to Judge John Antoon, II, as may be appropriate, vacating the Order by Judge Antoon denying Petitioner's motion to have him recused under 28 U.S.C. §144, thereafter directing Judge Antoon be disqualified from proceeding further in this case and replaced in accordance with §144. Your Petitioner also seeks to have Judge Antoon's Orders striking Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 and dismissing Petitioner's civil case, in violation of Fed. R. Civ. P. Rule 83, and the Rules Governing Section 2255 Proceedings for the United States District Courts, vacated pursuant to this same petition, and the writ issued directing the District Court to allow your Petitioner to file an Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 in accordance with those Rules.

Your Petitioner believes these issues are properly the subject of a single petition because Petitioner sought to have Judge Antoon recused prior to the filing of the §2255 motion due to, inter alia, Petitioner's intent to accuse Antoon of bias and misconduct as grounds for relief, and a fear that this would result in unfair treatment of the motion. Petitioner believes that the striking of his §2255 motion and dismissal of his civil case stem from the same bias and conflict of interest which formed the basis for recusal, and that he has no other available and adequate remedy for these issues except for the issuance of a writ of mandamus.

Judge Antoon has refused to recuse himself, despite the filing of a timely and adequate motion to disqualify under 28 U.S.C. §144, and despite the affirmative responsibility to do so under 28 U.S.C. §455. He has also stricken the Petitioner's §2255 motion for a violation of a local Rule of form, in violation of Fed. R. App. P. 83(a)(2), and Rules Governing Section 2255 Proceedings, Rule 2, and dismissed the Petitioner's civil case because Petitioner could not lawfully file an Amended Motion to Vacate under §2255 in accordance with the restrictions imposed by his Order.

After multiple petitions for rehearing, and motions for relief based on plain error and abuse of discretion, your Petitioner has exhausted his locally available remedies and now seeks intervention and relief from the Court of Appeals.

The Motion for Disqualification:

On August 1, 2017, Petitioner filed a pro se Motion for Disqualification of Judge (Doc. 127) pursuant to 28 U.S.C. §144, seeking to have Judge John Antoon, II, removed from the

case. As grounds for the motion, Petitioner listed seven (7) facts which he believed showed bias or prejudice existed:

1. Antoon was expected to hear the Petitioner's §2255 motion.
2. Petitioner intended to submit as grounds for the motion that he did not receive fair and unbiased treatment from Antoon in District Court, and Antoon abused his discretion.
3. Antoon made a drastic departure from well-established procedure and prevented the Petitioner from having all four of the factors in a Buckles inquiry addressed in court.
4. Antoon ruled Petitioner's legal argument on a motion pursuant to Fed.R.Crim.P. 12(b)(3)(B) was meritless, but then ruled that same exact argument was valid when the government used it only minutes later.
5. Antoon made baseless comments referring to the Petitioner 'torturing' and 'raping' a child when nothing of the sort was ever reported, and claimed that Petitioner showed "an extraordinarily unusual appetite for cruelty, just plain meanness really," when nothing of the sort was ever suggested in the record.
6. Antoon admitted during sentencing that he had prejudged the issue, and that even though he had signed a plea agreement to give Petitioner a guideline sentence, "The sentence would have been the same if I had sustained the objections of the defendant to the proposed guideline score and overruled the government's objection. A sentence of less than 365 months would not be reasonable under the facts of this case, in my view." Thus, Antoon expressed willingness to disregard facts and arguments, as well as binding plea agreements, preventing fair hearings to satisfy his own desire for punishment.
7. Antoon fabricated a chronological narrative of Petitioner's

supposed actions which was not only unsupported by evidence, but which was repeatedly and conclusively shown to be rebutted by the record. This ficticious series of events was loosely based on facts from the case, but was entirely inaccurate, and even included an entirely new event (alleging Petitioner stopped to make a purchase just prior to his arrest) which never occurred, and which was invented from whole cloth. This fabricated narrative was presented in the Court's Sentencing Memorandum (Doc. 100) and served no other purpose but to demonize the Petitioner and justify a lengthy sentence. Such fabrication is plainly prejudicial.

Your Petitioner concluded the Motion to Disqualify by stating his belief that the grounds set forth constituted a pattern of bias and prejudicial acts which would lead to a reasonable fear that he would not receive fair treatment from Antoon in future proceedings, such as the anticipated §2255 motion (Doc. 129, filed fifteen days later, on August 16, 2017.).

On August 24, 2017, after the §2255 motion had been filed and the conflict of interest was known to exist, Antoon denied the Motion to Disqualify in an Order (Doc. 130) which claimed Petitioner did not include an affidavit and certificate of good faith, and the motion was therefore procedurally inadequate under the requirements of §144.

On September 5, 2017, Petitioner filed a pro se Appeal From Order Denying Defendant's Motion for Disqualification of Judge for Plain Error, (Doc. 132), which the Court construed as a petition for rehearing. The Petitioner showed, via an attached copy of the original filing (Doc. 132, exhibit A), that the motion had

Case 6:17-cv-01498-JA-DCI Document 17 Filed 02/01/18 Page 5 of 17 PageID 176
Case: 18-10386 Date Filed: 04/17/2018 Page: 5 of 88

pg 5 of 17

indeed contained a legally sufficient statement of good faith, and the Court had committed plain error.

On September 26, 2017, Antoon issued an Order (Doc. 133) in which he admitted the motion had in fact contained the statement of good faith, satisfying the requirements of 28 U.S.C. §144. However, when ruling on the motion, Antoon failed to address grounds one and two for recusal (i.e., that he was expected to hear the §2255 motion, which would require him to rule on his own misconduct, creating a conflict of interest). He also proceeded to grossly reinterpret the accusations of prejudicial actions and biased or disparate rulings between the Petitioner and the government, contained in grounds three and four, intentionally reducing these accusations to mere 'dissatisfaction with the rulings'. He also failed to address ground six, which alleged prejudice and bias through his own admission that he had prejudged the case prior to the sentencing.

Although the Motion to Disqualify was brought under 28 U.S.C. §144, and thus the factual allegations must be taken as truth for the purposes of the motion (unlike under §455, which may be contended or argued with), Antoon not only argued against the Petitioner's allegation that he intentionally fabricated a false narrative of events, but Antoon blatantly rewrote the assertion all together.

Antoon's Order says: "Defendant also states that certain facts set forth in the Court's sentencing memorandum were inaccurate." (Doc. 133, pg 3). This is entirely different than the claim that there was intentional fabrication, ignores the

event he created out of whole cloth, and is *not* what the Petitioner claimed. Antoon then presents a selection of disjointed facts from the case, devoid of any chronological order, and which may have been accurate individually, but were only used as a loose basis for claims which were wholly unsupported by the record, and which were altered and then used to create his ficticious narrative of events in the sentencing memorandum.

As a final insult, Antoon states: "Here, Defendant does not allege that the Court's comments and factual findings were based on matters learned from extrajudicial sources, rather than learned from participation in the case." (Doc. 133, pg 4). This is plainly inaccurate, as the Petitioner repeatedly quoted portions of the record which rebutted Antoon's version of the facts, in the original Motion to Disqualify, and as the Petitioner clearly claimed Antoon fabricated new events from whole cloth and invented a narrative of events rebutted by the record. Not only was Antoon's statement the exact opposite of Petitioner's claim, but anything which is rebutted by the record, or which simply never occurred, is obviously *not* "learned from participation in the case," and has its plainly extrajudicial source in that it is the product of Antoon's imagination.

Undaunted by the facts, Antoon proceeded to deny the motion under §144 a second time, using the rewritten version of the Petitioner's claims in order to hold that Petitioner had failed to sufficiently allege a basis for disqualification (Doc. 133, pg 5) because there was no extrajudicial source. A finding which is plainly erroneous, considering Petitioner's real claims.

On October 20, 2017, Petitioner filed a pro se Motion for Rehearing (Doc. 134) in which he asserted that Antoon had committed plain error by misapplying the extrajudicial source doctrine and failing to examine all the Petitioner's grounds for disqualification under the pervasive bias standard. Petitioner also asserted that Antoon intentionally mischaracterized the accusation of fabricating a narrative of events and inventing new events from whole cloth. Petitioner then requested that the Court reexamine the original motion with due examination of grounds one, two, and six, which had been ignored, and requesting that full effect be given to the context of the allegations in grounds three, four, and especially seven (Doc. 134, pg 3).

On December 4, 2017, Antoon entered an Order (Doc. 136) denying the Motion for Rehearing, refusing to reexamine the motion, even in light of all the errors above. The Petitioner has thus exhausted his available remedies in District Court.

When a party files a motion for disqualification under 28 U.S.C. §144, all of the factual allegations in a properly pleaded affidavit of bias or prejudice must be taken as true for the purpose of the motion. As such, your Petitioner has the right to have the motion ruled on without argument or rebuttal, like Antoon did in his Order (Doc. 133), and Petitioner has the right to have every ground in that motion considered, free from reinterpretation or rewriting by the judge.
The Petitioner properly filed a timely and sufficient affidavit under §144 that Judge Antoon has a personal bias or

prejudice against him, or in favor of the United States. Petitioner therefore has a right to the relief offered by §144, and Antoon has a duty to recuse himself accordingly.

Antoon also has a continuing duty to recuse himself under 28 U.S.C. §455, both subsection (a) and (b). An objective individual, fully informed of the facts of the case, might easily question the impartiality of a judge under §455(a) when that judge has been documented making drastic departures from prior case doctrine (ground 3 of Motion to Disqualify, Doc. 127), ruling against the Defendant but in favor of the government on the exact same legal argument (ground 4, id.), admitting to having prejudged the case before a hearing took place (ground 6, id.), and fabricating facts to suit his own views (ground 7, id.).

Beyond the original Motion to Disqualify, an objective observer could also find reason to question the judge's impartiality when that same judge attempts to prevent the success of the motion by making plainly erroneous rulings on its sufficiency (Doc. 130, claiming no statement of good faith) and ignoring multiple grounds in that motion, or when that judge continues to falsify or fabricate facts and occurrences as Antoon has done by blatantly rewriting the Petitioner's statements in his Order (Doc. 133, pgs 3-4). Any time a judge demonstrates an ongoing propensity for ignoring facts and falsifying statements, as Antoon has, it undermines the judicial process and gives rise to the appearance of bias or prejudice sufficient to require that he recuse himself under §455(a).

Even if Antoon's conduct until now was not enough, he has a duty to recuse himself under §455(a) and §455(b)(1), (b)(4), and (b)(5)(iii) because of the conflict of interest

that appeared when Petitioner put forth as grounds for his §2255 motion that Antoon was guilty of bias and prejudice during the District Court Proceedings, and that Petitioner did not believe he would treat the motion fairly.

By keeping himself on the case, Antoon knew he would be the judge who was responsible for ruling on the §2255 motion the Petitioner was going to file. He also knew Petitioner intended to accuse him of abuse of discretion and misconduct, because Petitioner stated this in ground 2 of the Motion for Disqualification he filed. Antoon was thus going to be required to rule on his own misconduct, and anyone in such a situation knows that their impartiality on the issue can reasonably be questioned, requiring they recuse themselves under §455(a). Antoon also has personal knowledge of evidentiary facts concerning the proceeding, requiring his recusal under §455(b)(1), because he is accused of imposing cruel and unusual punishment in violation of the 8th Amendment, and violating the Petitioner's plea agreement in Ground Five, and biased treatment in grounds Six, Seven, and Eleven of Petitioner's motion under 28 U.S.C. §2255.

Because Antoon is accused of intentionally fabricating a false narrative of events, and disparate rulings because of personal bias or prejudice, in Ground Six of the Motion to Vacate under §2255 he has a personal interest in the outcome of the proceeding. If it is ruled that Antoon has been guilty of misconduct, fabricating facts and occurrances, and imposing cruel and unusual sentences in violation of the plea agreement, Antoon's professional reputation will be damaged, and his conduct might prevent him from advancing his career. A judge who is known to prejudge issues, violate binding agreements,

and fabricate false reports of events which never happened, is highly unlikely to be appointed to any higher office, and may potentially be removed from their current position. Antoon thus has an interest which could be substantially affected by the outcome of the proceedings, and has a clear obligation to recuse himself under §455(a), (b)(4), and (b)(5)(iii).

The Motion Under §2255:

On August 16, 2017, fifteen days after the Motion to Disqualify had been filed, and while that motion was still pending its first ruling, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Doc. 129). The motion consisted of a Motion to Proceed in forma pauperis, a financial affidavit, a statement of interested persons, request for hearing, and some seventy-two (72) pages of answers to the thirteen (13) page pre-printed §2255 form which was included therewith. The 72 handwritten pages contained grounds and supporting facts.

The Motion to Vacate was filed in compliance with Title 28, Part VI, Chapter 153, Rules Governing Section 2255 Proceedings for the United States District Courts, and contained nineteen (19) separate grounds for relief, along with supporting facts, in accordance with Rule 2(b). A civil case number: 6:17-cv-01498-JA-KRS was assigned to the action, and the motion became Doc.1 in that case. It was followed by a twenty (20) page brief (Doc. 2) on August 18, 2017.

On September 27, 2017, the day after Judge Antoon ordered the Motion to Disqualify denied (Doc. 133) for a second time, Antoon entered an Order in the civil action (Doc.5) striking

Petitioner's Motion to Vacate under §2255 and directing the Clerk of Courts to remove it from the record and return it to the Petitioner.

As grounds for his actions, Antoon stated: "The Motion to Vacate greatly exceeds twenty-five pages in length and violates Local Rule 3.01(a)." (Doc. 5, page 1). (Local Rule 3.01(a) is a local rule of form which limits the length of motions to no more than 25 pages). The Order goes on to direct the Clerk to "terminate this motion" (Doc. 5, pg 1) and instructs the Petitioner to file an Amended Motion to Vacate within fourteen days. The Order says the Amended Motion to Vacate must be "on the appropriate Motion to Vacate, Set Aside, or Correct Sentence form" (ibid.).

"As to each claim, Petitioner must set forth on the form itself a brief and concise description of the claim with supporting facts... The failure to *fully* comply with this Order will result in the dismissal of this action without further notice." (Doc. 5, pg 2) (italic and bold font in original). "...this case will then proceed with regard to the claims raised in the Amended Motion to Vacate only... Any claims not included therein will be deemed waived or abandoned by Petitioner. The failure to fully comply shall result in the dismissal of this case without further notice." (Doc. 5, pg 2)

"2. The Clerk of the Court is directed to provide the appropriate Motion to Vacate, Set Aside, or Correct Sentence form to the Petitioner." (ibid.)

The form used by the Middle District and sent to Petitioner has only four (4) small areas in which to state grounds for relief. (see Exhibit A, attached to this motion). Antoon's instructions require Petitioner to use only the printed form, and anything not included

on that form would be "deemed waived or abandoned." Antoon's Order thereby forces Petitioner to 'abandon' fifteen of his available nineteen 'available grounds for relief,' and the repeated emphasis of the Order on "*fully*" complying with the Order makes it clear that if the Petitioner tried to file anything except the form itself, the case would be dismissed.

After requesting an extension of the fourteen day time limit in the order, and being granted an extension to file until November 10, 2017 (see Docs. 6 and 7), Petitioner filed a Motion to Vacate Order and Permit Filing (Doc. 8), seeking to vacate Antoon's Order (Doc. 5) because it was in significant conflict with Fed.R.Civ.P. Rule 83(a)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter 'Rule 2') Rule 2(b).

The motion quotes Fed.R.Civ.P. 83(a)(2), which states: "A Local Rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." The motion then contends that Antoon's Order forcing Petitioner to use only the form provided to him by the Clerk denies him the right to present all available grounds for relief, as does limiting him to 25 pages or less, under Local Rule 3.01(a) (which is a "rule of form"). Petitioner asserts that any violation of Local Rule 3.01(a) is "nonwillful" because the Petitioner is required by Rule 2(b) to "specify all grounds for relief available to the moving party" and to "state facts supporting each ground." (Rules Governing 2255 Proceedings, Rule 2(b))

Petitioner explained that it was impossible to comply with the Order (Doc. 5) because it would deny him the right to present all

available grounds for relief, and stated that the Court lacked the lawful authority to strike the Motion to Vacate (Doc. 1) and impose the restrictions in its Order, because of Fed.R.Civ.P. 83(a)(2), the instructions on the printed form itself (which must comply with Rule 2, according to Rule 2(c)), and because of the mandate in Rule 2(b).

On November 2, 2017, Antoon issued a terse denial (Doc. 9) of the Petitioner's Motion to Vacate (Doc. 8), without discussion or findings of fact and law.

On November 13, 2017, Petitioner filed a Motion for Rehearing (Doc. 10), stating that the Court's denial of the Motion to Vacate was both an abuse of discretion and plain error, again citing specific federal law.

On December 13, 2017, Antoon denied the motion for rehearing, stating "The Court previously denied this request," though Petitioner had not asked for any rehearing on the Motion to Vacate before. Antoon again issued no findings on the merits of the motion, but noted that the Petitioner had not filed an Amended Motion to Vacate, in accordance with his order (Doc. 5), and sua sponte issued another extension until December 27, 2017, in which to do so. Antoon again said that failure to do so would "result in the dismissal of this case without further notice." (Doc. 14, pg1).

Petitioner could not comply with the Court's unlawful restrictions (Doc. 5) without severely hampering his §2255 motion and thus

surrendering the constitutional right to adequately defend himself, violating Rule 2(b) in the process, and did not file an Amended Motion to Vacate in accordance with Antoon's Order. Instead, Petitioner began attempting to gather the writing materials necessary for filing this petition, and has dilligently worked to complete it as soon as possible.

On January 3, 2018, Antoon issued an Order (Doc. 15) dismissing the civil case without prejudice (Doc. 15, pg1, at 1) and ordering the Clerk of the Court to close the case (Doc. 15, pg 2, at 2).

After ordering the case closed, Antoon took the additional step of issuing a judgment on January 4, 2018, which denied the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. This seems to be nothing more than an attempt to procedurally bar any future §2255 motions by ruling it 'denied', and is an invalid ruling by Antoon because he had already ordered the only §2255 motion filed stricken and removed from the record. With the case dismissed and closed already, and the original motion already stricken by his previous Order (Doc. 5), this denial of the §2255 motion should be moot, and itself stricken, to prevent any procedural problems with subsequent motions.

Your Petitioner has a clear right to file a motion for relief under 28 U.S.C. §2255 in accordance with the Rules Governing Section 2255 Proceedings, and to be able to present all available grounds for relief without interference by Judge Antoon. The District Courts and their judges have a clear duty to enforce the Rules, and to uphold the constitutional guarantee of adequate

representation embodied in the Sixth Amendment. They also have the duty to enforce federal laws, such as Fed. R. Civ. P. 83(a)(2). Despite repeated demands that Judge Antoon do his duty and uphold the law by obeying the Rules of Civil Procedure and the Rules Governing 2255 Proceedings, your Petitioner has been unable to obtain relief in the District Court and now seeks the help of the Court of Appeals. In the interest of justice, your Petitioner prays that the Court will issue its writ to include relief on this issue as well, providing him with the opportunity to file an Amended Motion to Vacate under §2255 free from coercion and undue restrictions.

Your Petitioner has spent a great deal of time and effort fighting to secure what should be granted to every man: the simple chance to have the entirety of his defense decided on the merits by an uninterested, impartial judge. Until now, your Petitioner's claims have been blocked, ignored, marginalized, mischaracterized, and outright re-written, preventing any hope of a fair hearing or due process, and begs only to be given a fair chance of obtaining justice.

WHEREFORE, having established that the District Court has failed to perform its duty under 28 U.S.C. §144 and §455, and has not upheld its duty to enforce the Federal Rules of Civil Procedure or the Rules Governing Section 2255 Proceedings for the United States District Courts, and as your Petitioner has a clear right to the performance of those duties, your Petitioner respectfully prays that the Court issue its writ directing the performance of those duties, and granting such equitable relief as it deems appropriate to ensure the interests of justice are served.

## SWORN STATEMENT

I, Jonathan Prive, do hereby swear under penalty of perjury that the facts and statements contained in the foregoing petition for a writ of mandamus, titled "In re PRIVE," are true and correct to the best of my knowledge and understanding.

Executed on this, the 21st day of January, 2018.

Signed: *[signature]*

Jonathan T. Prive

Respectfully submitted,
Jonathan Prive
#337795
Brevard County Jail
860 Camp Road
Cocoa, FL 32927

# CERTIFICATE OF SERVICE

I, Jonathan Prive, do hereby certify that a true and correct copy of the foregoing petition for a writ of mandamus, titled "In re Prive", has on this day been placed in the Brevard County Jail's internal mailing system, along with the accompanying records, to be sent to the following persons:

- United States Court of Appeals
  Eleventh Circuit
  Office of the Clerk
  56 Forsyth Street, N.W.
  Atlanta, GA 30303

- The Office of the United
  States Attorney
  400 W. Washington Street
  Suite 3100
  Orlando, FL 32801

- The Honorable Judge John Antoon, II
  c/o The United States Courthouse
  401 W. Central Blvd.
  Orlando, FL 32801

Executed on this, the 29th day of January, 2018.
Signed: *[signature]*
Jonathan T. Prive