Case 6:17-cv-01498-JA-DCI   Document 26   Filed 06/11/19   Page 1 of 7 PageID 239

pg. 1 of 7

FILED
2019 JUN 11 PM 2:41
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

JONATHAN TYLER PRIVE
(Petitioner)

v.

UNITED STATES OF AMERICA
(Respondent)

Case no. 6:17-cv-01498-Orl-28KRS
(6:14-cr-33-Orl-28KRS)

## MOTION FOR DISCOVERY

Comes now the Petitioner, Jonathan Prive, pro se, pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6, and hereby moves for the issuance of an order granting discovery. Prive asserts that good cause for discovery exists, and in support of this, Prive offers the following facts and allegations:

1. At the time of his arrest on November 5, 2013, Brevard County Sheriff's Office (BCSO) Agent Michael Spadafora conducted an on-site custodial interrogation of Prive which resulted in Prive making incriminating statements, and which resulted in his arrest on state criminal charges, as well as forming the basis for search warrants for his home and his electronic records. This encounter was recorded by Agent Spadafora, and the recording and results of the subsequent search warrants were used to obtain an indictment of Prive in the federal criminal case 6:14-cr-33-Orl-28KRS, and the same were offered in evidence against him during the district court proceedings.

2. The audio recording utilized by the United States Attorney's Office (USAO) was provided by Agent Spadafora to the USAO as a copy of the original maintained by the BCSO, and was represented to be a true and correct copy of the original audio file. This representation by Spadafora now appears to be false, in light of proceedings and testimony given in Florida case 05-2013-CF-067242-AXXX-XX. Spadafora testified on April 16, 2018, that there had been absolutely no edits or alterations of any kind made to the audio recording which was played in the courtroom, but the contents of that recording were noticably different than the version which was provided to the USAO, and these differences indicate that one or both of the audio files has been altered or tampered with.

3. If fully substantiated on the record, the two different versions of the audio recording, coupled with Spadafora's testimony, would allow Prive to demonstrate that he is entitled to relief pursuant to both Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150, (1972). The conflicting nature of the two recordings, if they had been available to the defense, would have allowed for suppression of the audio, which in turn would have resulted in the warrants obtained in reliance on that audio being suppressed under the fruit of the poisonous tree doctrine, and the government would have then lacked sufficient evidence to prove Prive's guilt beyond a reasonable doubt.

4. For the reasons stated above, Prive has good cause for discovery, and requests that the original copy of the audio recording of the on-site interrogation of Prive on November 5, 2013, currently in the posession of the BCSO, and the version provided to the USAO by Agent Spadafora and currently under the control of the United States, both be subject to an order for discovery, and copies of the same be provided to Prive for further investigation. As part of the audio issue, Prive also requests that a transcript of the suppression hearing on April 16, 2018, where Spadafora testified as to the veracity of the audio presented in state court, also be subject to the order for discovery, and a copy delivered to Prive. It should be noted that the transcripts of hearings on April 16, 2018, and the July 2, 2018, suppression hearing, discussed below, are believed to have been already transcribed and made part of the record in the state case number in paragraph 2, making the requested discovery easier.

5. During the district court proceedings (6:14-cr-33-Orl-28KRS) Prive raised a complaint of suspected Brady material, to wit, email records detailing conversations on or about September 10, 2013, between email accounts "mikesmobilemassages@gmail.com" and "mercenaryninja69@netscape.net", which Prive asserted would prove he could not have had the required knowledge to have been guilty of violating 18 U.S.C. 2422(b). Prive's attorneys attempted to locate these emails, but the USAO denied, both in court and in their objection to the magistrate judge's report and reccomendation, that these emails existed. Prive's counsel, Daniel Brodersen, testified that he could not locate any such email records, either.

6. After being transferred back to state custody to await trial on state charges, Prive's court-appointed counsel, Rebecca Morgan, informed him that the state was in possession of hundreds of email files which were (it was claimed) being withheld because they contained child pornography. Understandably upset, Prive directed Ms. Morgan to go view these files in

person at the State Attorney's office. Upon returning several days later, Ms. Morgan confirmed that there was absolutely no child pornography, and the emails were being withheld in bad faith. Ms. Morgan further confirmed to Prive that some of these records were from September 10, 2013, and appeared to be the very records that the USAO denied having, including the father of the minor child specifically claiming he was home alone, with no children present, and repeatedly trying to induce 'mercenaryninja69' to visit him for reasons other than sexual activity with a minor.

7. If the records, which were obtained pursuant to a search warrant issued in Prive's state case, had been made available to him in the district court, the emails which have been withheld would have established that he was factually innocent of knowingly persuading, inducing, enticing, or coercing a minor into unlawful sexual activity in violation of 18 U.S.C. 2422(b). If it is established on the record that this evidence exists, Prive would be entitled to relief pursuant to Brady, because he never would have pled guilty to count two of the charging indictment in exchange for the USAO dropping count one if he had been able to prove factual innocence to the charge, using the withheld evidence.

8. For the reasons in paragraphs 5-7 above, Prive has good cause for discovery, and requests that the complete record of all electronic communications data and all records obtained by the BCSO pursuant to the search warrant issued in Prive's Florida case on November 13, 2013, be subject to discovery in this case, and a copy thereof be provided to Prive for use in substantiating his Brady claim.

9. As a part of the reports made available during the district court proceedings, BCSO case report 13332224, written by Agent Spadafora, who was the lead officer on the case and who prepared the evidence package sent to the USAO, was given to the defense. The report detailed the events leading up to Prive's arrest on November 5, 2013, and Spadafora's role in the case. Throughout all of Spadafora's reports, he never once mentions being responsible for the decision to arrest Prive, and his report of November 19, 2013, specifically refers to the stop as a "traffic stop". No report disclosed to the defense ever implicated Spadafora as the officer who decided to stop Prive, and the defense was left under the impression that the stop on November 5, 2013, was an investigative Terry stop.

10. On April 16, 2018, Spadafora testified at a suppression hearing that he did not order Prive stopped on November 5th, continuing to uphold his previous reports. On

July 2, 2018, however, testimony was given by BCSO deputies Christopher Sauro and Robert Vitaliano at a suppression hearing, where it was revealed that they had not conducted a traffic stop or an investigative stop, but had actually arrested Prive immediately after stopping him. What is more, both deputies testified that they had had no knowledge of any facts justifying the stop, but had received a radio call from Spadafora telling them they had probable cause to arrest the (at that time) unidentified driver of a gray motorcycle. This testimony by Sauro and Vitaliano directly contradicts the report by Spadafora and his story of a 'traffic stop', proving once again that Spadafora deliberately falsified reports.

11. Because the facts, if fully developed, would demonstrate that Prive is entitled to relief under the Supreme Court's decisions in *Giglio* and *Brady* for a violation of his due process rights, Prive has good cause for discovery, and seeks to have a copy of the transcript of court proceedings in his state case on July 2, 2018, and any reports by BCSO deputies Christopher Sauro and Robert Vitaliano from or relating to Prive's arrest on November 5, 2013, which are in the custody of the Brevard County Sheriff's Office, made subject to an order for discovery, and copies of the same delivered to Prive.

12. During the district court proceedings, the USAO offered as evidence against Prive email records obtained from Google Inc. ("Google") and America Online ("AOL"), which were obtained pursuant to search warrants from the State of Florida issued to Agent Spadafora of the BCSO. The Google warrant for the account 'mikesmobilemassages' was issued in case no. 05-2013-CF-066285-AXXX-XX on October 25, 2013, and under both Florida and California (where Google is located) statutes became void if not executed in ten days. Under Florida's law, Spadafora or one of the officers in the warrant's direction had to be present and participate in its execution. Spadafora filed a return on October 28, 2013, claiming to have executed the search and seized the records, some of which were later used by the USAO against Prive.

13. Based on a Certificate of Authenticity from Google dated November 21, 2013, and a later case report, no. 13320571, dated January 14, 2014, by Spadafora, it now appears that Spadafora intentionally falsified his return, and did not execute the warrant or seize property on October 28, 2013. Instead, it appears that Google illegally performed the search and seizure without his presence, and beyond the ten-day limit imposed by

the laws of both states, on November 21, 2013, delivering the results to Spadafora on or about December 4, 2013, and that the falsification of the return by Spadafora was part of a deliberate attempt to deceive the courts into believing the warrant had been lawfully executed.

14. The search warrant for AOL records relating to "Jonathan Tyler Prive" and email account "mercenaryninja69@netscape.net" was issued in Florida case 05-2013-CF-067242-A on November 13, 2013, and like the Google warrant was subject to a ten-day limitation on execution and required the presence of an officer named therein. Also like the Google warrant, Spadafora filed a return on the AOL search warrant within ten days (whether on the 13th or the 18th; the record available to Prive does not make it clear). Prive saw this return in the discovery provided by the USAO, once again claiming to have executed the warrant and seized the records sought, and once again the case report written by Spadafora reveals that it was a lie to deceive the court. Case report 13332224, dated December 20, 2013, states that "[o]n or about December 03, 2013, AOL responded and provided me with the results of the search warrant for the account of "mercenaryninja69"."

15. Because the facts set forth in paragraphs 12-14 clearly establish that there has been fabrication of official documents and perjury under oath, resulting in the seizure of evidence, Prive has good cause for discovery, and requests that the search warrants, their returns, the certificates of authenticity or other business record certifications from Google Inc. and America Online, and Spadafora's case reports (no. 13320571, dated January 14, 2014, and no. 13332224, dated December 20, 2013), be subject to an order for discovery and copies of the same provided to Prive for use in a motion for relief under *Brady* and *Giglio*, said documents now being in the possession of the Brevard County Sheriff's Office.

16. In order to facilitate effective discovery, Prive requests that the court's order require the production of the materials sought in paper format, with the exception of the two audio recordings sought in paragraph 4, and that the court enter as part of its order a direction to the Brevard County Sheriff and any of his duly constituted deputies at the Brevard County Detention Center, where he is being held, directing them to allow Prive to utilize one of the laptop computers which are available to inmates with a court order, in order to access the audio recordings, with the use of headphones or out of hearing

of the monitoring officers, to maintain confidentiality.

    WHEREFORE, for good cause as detailed in the foregoing, Prive respectfully moves for this court to enter its order and GRANT him the discovery sought, ordering the production of the specified documents and evidence by the United States Attorney's Office and the Brevard County Sheriff's Office, taking any such action necessary to effectuate the same; granting the specific relief sought in paragraph 16; ensuring the appropriate copies are delivered to Prive at his place of confinement; admitting the evidence, once obtained, to the record in this case; and any further relief this court deems appropriate for the purposes of discovery or based thereupon.

## SWORN STATEMENT

I, Jonathan Prive, do hereby swear under penalty of perjury that the foregoing facts and statements are true and correct to the best of my knowledge and understanding.

Signed: _/s/ J. T. P._  On this, the 3rd day of ~~May~~ June, 2019.

Jonathan T. Prive

## CERTIFICATE OF SERVICE

I, Jonathan Prive, do hereby certify that a true and correct copy of the foregoing has been placed in the Brevard County Detention Center's internal mailing system on this, the 7th day of June, 2019, to be sent by U.S. Mail to the following parties:

(1) The Clerk of the Court
United States District Court
Middle District of Florida
401 W. Central Blvd.
Suite 1200
Orlando, FL 32801-0120

(2) The U.S. Attorney's Office
400 W. Washington Street
Suite 3100
Orlando, FL 32801

Signed: _/s/ J. T. P._   Date: 6/7/2019
Jonathan T. Prive