UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN TYLER PRIVE

v.                                        CASE NO. 6:17-cv-1498-Orl-28DCI

UNITED STATES OF AMERICA

**RESPONSE IN OPPOSITION TO
<u>MOTION TO STAY</u>**

Prive's motion to preemptively stay the deadlines indefinitely in this case should be denied. *See* Doc. 36. Prive filed his motion under 28 U.S.C. § 2255 on July 9, 2019. Doc. 34. This Court has ordered that the United States' response to the section 2255 motion is due on October 7, 2019. Doc. 33. No other motions are currently pending, and there are no due dates pending for Prive. Thus, there is no need to stay these proceedings based on Prive's allegations about his present circumstances of confinement.

Prive alleges that he does not have access to paper or pen because his housing unit in state prison is currently on "commissary restriction" because of "the behavior problems of other inmates." Doc. 36 at 1. He also alleges that he has no access to a law library. *Id.* But Prive indicates that he will be moved to a "permanent prison" in three to five weeks. *Id.* Even assuming that up to six weeks are needed for Prive to be moved to another location, Prive will be in a new location and no longer on commissary restriction before the middle

of August, still well in advance of the filing of the United States response. Thus, in the present status of the case, Prive should not need to respond to any pleadings during this three-to-five week period. Nor does he allege there is anything he wishes to file but cannot due to his conditions of confinement.

Even if Prive did wish to file further pleadings in this case or if his current circumstances continue as he alleges, the conditions of his confinement are not "unconstitutional or somehow inappropriate, [nor is] the transfer of a prisoner from one facility to another [ ] anything but a routine practice." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding that similar allegations did not warrant equitable tolling of § 2255 deadlines). Without a showing that he has been prevented from filing a specific document despite his efforts to do so, Prive cannot show that he is entitled to any relief, preemptive or otherwise, from the deadlines in this case. *Id.* ("Dodd has presented no evidence to show that, while he was in custody in Miami, he made any request to have his papers delivered to him, attempted to contact counsel to assist him with timely filing his motion, or otherwise undertook any action that would suggest reasonable diligence under the circumstances.").

Given that Prive has not shown prejudice nor reasonable diligence to the extent his circumstances are affecting his ability to file, the United States respectfully requests that this Court deny his motion to stay the proceedings in this case.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:   */s/ Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
USA No. 119
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:         Sara.Sweeney@usdoj.gov

**PRIVE v. U.S.**                               **Case No. 6:17-cv-1498-Orl-28DCI**

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

> Jonathan Tyler Prive,
> 0-C60494
> Central Florida Reception Center-
> Main Unit
> 7000 H.C. Kelley Road
> Orlando, FL   32831

*/s/ Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
USA No. 119
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        Sara.Sweeney@usdoj.gov

4